IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Trang Thi Kirkland, ) | Civil Action No.: 2:09-1707-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Magic Nail, LLC, Magic Nail Spa, LLC, ) | |
| Magic Nail at Northwoods, LLC, ) | |
| ) | |
| Defendants. ) | |

This action has been brought by the Plaintiff asserting claims under the Age Discrimination in Employment Act (ADEA) and the Family and Medical Leave Act (FMLA). The docket reflects that the registered agents for the Defendants were personally served as follows: Magic Nail, LLC, on October 14, 2009, service being accepted by Long Nguyen; Magic Nail Spa, LLC, on July 24, 2009, service being accepted by Long Nguyen; and Magic Nail at Northwoods, LLC, on July 24, 2009, service being accepted by Anh Q. Le. See Court Docket No. 5.

No responsive pleading was ever filed by the Defendants, and Plaintiff filed a motion for entry of default on March 3, 2010. The Clerk thereafter entered default against the Defendants on March 9, 2010. Rule 55(a), Fed.R.Civ.P. The Defendants have now filed a motion to set aside entry of default to allow the Defendants to responsively plead. Plaintiff has filed no opposition to



1

the motion, which is now before the Court for disposition.[1]

**Background**

In support of its motion, the Defendants have submitted affidavits from Anh Le and Long Nguyen. Le attests that she and her husband are Vietnamese, that she is the owner of the Defendant Magic Nail at Northwoods, LLC, that her husband owned or owns the other two Defendants, that Defendant Magic Nail at Northwoods, LLC, only employs four employees, and that Plaintiff was never employed by Defendant Magic Nail at Northwoods, LLC. Le also attests that when she and her husband were served with the Complaint, they did not think that they had to answer the Complaint. Rather, they believed that they could just show up at the trial to refute the Plaintiff's claims, which is what they planned to do. Le attests that she received notice of Plaintiff's motion for Entry of Default on or about March 4, 2010, and contacted Defendants' current counsel on or about March 8 or March 9, 2010, to get an appointment. She and her husband met with counsel on March 11, 2010, and retained him to represent them. Le then attests to her potential defenses in this action. See Le Affidavit.

In addition to attesting to the same facts set forth by his wife, Nguyen attests that Defendant Magic Nail, LLC employed 15 to 18 employees, that Defendant Magic Nail Spa, LLC, only employs 2 or 3 employees, and that Plaintiff was never employed by Defendant Magic Nail Spa, LLC. See Nguyen Affidavit.

As previously discussed, the Plaintiff has not filed any opposition to this motion.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion to set aside the default entered in this case. As this is a dispositive motion, a Report and Recommendation is being entered for review by the Court.



**Discussion**

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause. Rule 55(c) Fed.R.Civ.P.; Federal Deposit Insurance Corporation v. Danzig, 93-1294, 1993 WL 478842 at * 5 (4th Cir. Nov. 22, 1993). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . . ." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)["Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"]. Considered under this standard, and after careful review of the arguments and evidence submitted, the undersigned finds and concludes that the Defendants should be granted relief in this case.

While it is undisputed in the material before the Court that two of the Defendants were served on July 24, 2009, and the remaining Defendant was served on October 14, 2009, the fact that the registered agents for the Defendant companies are Vietnamese, as well as the sworn statements of Le and Nguyen as to what occurred, is sufficient good cause under the circumstances in this case for the Defendants' failure to timely file a responsive pleading to justify setting aside the default entered. Lolatchy, 816 F.2d at 954 [Motion to set aside default should be liberally construed in order to provide relief from the consequences of a default]; United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)["[T]he clear policy of the Rules is to encourage disposition of claims on their merits"]; Palmetto Federal Savings Bank of S.C. v. Industrial Valley Title Ins. Co., 756 F.Supp. 925, 931-932 (D.S.C. 1991)[Under Rule 55(c), it is not absolutely necessary that the neglect or oversight offered as a reason for a delay in filing a responsive be excusable], vacated on other grounds, 1991 WL 832830 (D.S.C. May 15, 1991). In making this determination, the



undersigned has also considered that the Plaintiff has not filed any opposition to this motion, or demonstrated any prejudice if the relief is granted. Further, it is apparent that the Defendants acted with reasonable diligence in seeking to set aside the default, and they have also tendered a meritorious defense in their motion and supporting documents. Cf. Moradi, 673 F.2d at 727 ["[W]e have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense"].

Therefore, Defendants' motion should be granted.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' Motion to Set Aside Entry of Default in this case be **granted**, and that the Defendants be provided twenty (20) days from the date of any order adopting this Report and Recommendation to file a responsive pleading in this case.

_____
Bristow Marchant
United States Magistrate Judge

April 14, 2010

Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

